OPINION of the Court, by
Ch. J. Boyie.
.This was an action brought upon a covenant to convey Upon (\eman(i a tract of land therein described, as soon as full payment should be made therefor. The declaration al-leges full payment to have been made, and a special de-mand; but it does not expressly aver that the demand was made subsequent to the payment. In assigning the breach, however, it is in substance alleged that the de-fondant did not convey, “ although full payment was made — although often requested, and particularly at the time and place specified in the declaration.”
Issues being made up on several pleas filed by the de--c,l^an*’ a trial was had, anil a verdict found for the plaintiff: whereupon the defendant moved for anew trial, on the ground that the verdict was contrary to evi-t|(ir!GC • i>ut the court overruled the motion and gave judgment for the plaintiff, from which the defendant has appealed.
The points relied on for reversing the judgment, are ' — 3 ⅜ j hat the declaration is defective in not alleging the .demand to have been made subsequent to the pay-meat of the price ; and 2dly, that the court erred in re£uSing ⅛, grant anew Mai.
1. There is no doubt that according to the true construction of the covenant a demand after the payment of the price, was essential to the plaintiff’s right of action ; but although the declaration does not expressly allege such to have been the fact, it is to be implied rather than the contrary,, from the order in which the av erments of payment and of a demand are made, as well as from the language used in the assignment of the breach of the covenant : for the payment is first alleged, and afterwards the demand ; and the language used in the assignment of the breach seems substantially to import that the payment had been made before the demand.
*195 But supposing the declaration to be doubtful or equivocal in this respect, still as the material facts are stated, and the defect is only in not alleging tiie order of time in which they took place, we should be of opinion it was too late after verdict to take advantage of the defect. Even where the defendant, instead of demurring, pleads to the declaration, as was done in this case, defects as to time, place, and other circumstances, will be aided ; but much more will a defect of this sort be aided after verdict: for in that case it is an invariable rule, that if the matter pleaded be capable of different intendments, that shall be taken which will support the declaration, and not that which will defeat it.
2. The second point evidently cannot be sustained. The bill of exceptions taken in the case shews that there was much contrariety of evidence, and that the credit of witnesses as well as the weight of circumstances was necessary to be decided by the jury in rendering their verdict. In such a case, where the jury, who are the constitutional judges, have decided the case, and their decision has been sanctioned by the court below, this court is forbidden as well by the uniform tenor of their decisions as by the obvious impropriety of the thing, from interposing their authority to set aside the verdict and award a new trial. Where, indeed, admitting the truth of the evidence adduced in support of the verdict, and all the conclusions which might be rationally deduced from it, the law would not warrant the funding of the jury, this court might with propriety set aside the verdict, notwithstanding there was a contrariety of evidence. But such was not the case here ; for if the opposing evidence be put out of the case, there can he no question but that which w7as adduced in support of the verdict was sufficient in point of law to justify it.
Judgment affirmed with Costs and damages.